IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDY POTTS,

    Plaintiff,

v.                                                      Case No. 2:16-cv-02264-JTM

SAINT LUKE'S SOUTH HOSPITAL, INC.,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff filed this action claiming his employment was terminated on account of race and/or in retaliation for complaining about racial discrimination, in violation of Title VII of the 1964 Civil Rights Act. Dkt. 4. The matter is now before the court on a motion for partial dismissal of plaintiff's claims. Dkt. 16.

The motion to dismiss argues that the court lacks jurisdiction over plaintiff's retaliation claim because he failed to exhaust administrative remedies with respect to that claim. Dkt. 17. Plaintiff has not filed a response to the motion and the time for doing so has now expired.

A plaintiff may not maintain a Title VII claim unless he has exhausted administrative remedies by filing an EEOC charge and receives notice of a right to sue. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). Administrative remedies generally must be exhausted as to each discrete instance of discrimination or retaliation. *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012).

Plaintiff has not responded to the motion, and makes no claim or showing of having exhausted administrative remedies with respect to his retaliation claim. Accordingly, the court will grant the motion for partial dismissal, as the motion appears meritorious and is uncontested pursuant to D. Kan. R. 7.4(b).

**IT IS THEREFORE ORDERED** this 13th day of December, 2016, that defendant Saint Luke South Hospital's Motion for Partial Dismissal (Dkt. 16) is GRANTED. Plaintiff's claim for retaliation under Title VII is dismissed without prejudice for failure to exhaust administrative remedies.

    ___s/ J. Thomas Marten_____
    J. THOMAS MARTEN, JUDGE